UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

vs.

Case: 2:10-cr-20137
Judge: Rosen, Gerald E
MJ: Morgan, Virginia M
Filed: 03-25-2010 At 02:03 PM
SEALED MATTER (SS)

D-1   MICHAEL LAMAR CATHEY, a/k/a "Moe Green,"
D-2   DAJUAN LAMARR WREN, a/k/a "Nerau Neri Aasekhemu," "Juan," "Dajuan Johnson," "Stephon Greer,"
D-3   ANTONIO SIMMONS, a/k/a "Poncho,"
D-4   TERRY ANDAMO TURNER, a/k/a "Big Pete,"
D-5   DESHAWN RAYNELL DAWSON, a/k/a "Mack Shawn,"
D-6   MICHAEL ALLEN RANDOLPH, a/k/a "Fat Mike,"
D-7   DAVID MARTIN WYNN, a/k/a "Razorblade" and "Razor,"
D-8   CARON KENNY JACKSON, a/k/a "Juvy,"
D-9   J.S. SHELTON, a/k/a "Little Bro" and "Jaime," and
D-10  KRISMEN GOODEN, a/k/a "Missy,"

    Defendants.
_____/

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE

**(21 U.S.C. §§846, 841(a)(1) - Conspiracy
to Possess with Intent to Distribute and to Distribute Heroin and Marijuana)**

THE GRAND JURY CHARGES:

D-1   MICHAEL LAMAR CATHEY, a/k/a "Moe Green"
D-2   DAJUAN LAMARR WREN, a/k/a "Nerau Neri Aasekhemu," "Juan," "Dajuan Johnson," "Stephon Greer"
D-4   TERRY ANDAMO TURNER, a/k/a "Big Pete"
D-5   DESHAWN RAYNELL DAWSON, a/k/a "Mack Shawn"
D-6   MICHAEL ALLEN RANDOLPH, a/k/a "Fat Mike"
D-7   DAVID MARTIN WYNN, a/k/a "Razorblade" and "Razor"
D-8   CARON KENNY JACKSON, a/k/a "Juvy"

That from on or about July, 2005, continuing through the date of this Indictment, said dates being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-1 MICHAEL LAMAR CATHEY, a/k/a "Moe Green;" D-2 DAJUAN LAMARR WREN, a/k/a "Nerau Neri Aasekhemu," "Juan," "Dajuan Johnson," "Stephon Greer;" D-4 TERRY ANDAMO TURNER, a/k/a "Big Pete;" D-5 DESHAWN RAYNELL DAWSON, a/k/a "Mack Shawn;" D-6 MICHAEL ALLEN RANDOLPH, a/k/a "Fat Mike;" D-7 DAVID MARTIN WYNN, a/k/a "Razorblade" and Razor;" and D-8 CARON KENNY JACKSON, a/k/a "Juvy;" defendants herein, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other and with others, whose names are both known and unknown to the Grand Jury, to commit an offense against the United States, that is, to possess with intent to distribute and to distribute a controlled substance; heroin, a Schedule I Controlled Substance, said conspiracy involving 755 grams or more of a mixture or substance containing a detectable amount of heroin, as defined in 21 United States Code, Section 841(b)(1)(B); and marijuana, a Schedule I Controlled Substance, as defined in 21 United States Code, Section 841(b)(1)(C); all contrary to the provisions of Title 21, United States Code, Section 841(a)(1); and all in violation of Title 21, United States Code, Section 846.

## COUNT TWO

**(18 U.S.C. §§ 1957, 2 - Money Laundering, Aiding and Abetting)**

THE GRAND JURY CHARGES:

D-1   MICHAEL LAMAR CATHEY, a/k/a "Moe Green"
D-10  KRISMEN GOODEN, a/k/a "Missy"

That on or about November 20, 2009, defendants D-1 MICHAEL LAMAR CATHEY,

a/k/a "Moe Green," and D-10 KRISMEN GOODEN, a/k/a "Missy," in the Eastern District of Michigan and elsewhere, knowingly engaged and attempted to engage in a monetary transaction, affecting interstate or foreign commerce, in criminally derived property of a value greater than Ten Thousand Dollars ($10,000) in U.S. Currency, to-wit, approximately Two Hundred Seventy Five Thousand Dollars ($275,000) in U.S. Currency, which funds were derived from a specified unlawful activity, to-wit, illegal trafficking of controlled substances in violation of Title 21 U.S.C. §§ 841 and 846; and all in violation of 18 U.S.C. §§1957, 2.

## COUNT THREE

### (21 U.S.C. § 843(b) - Use of Communication Facility in Facilitating the Commission of Violations of the Controlled Substances Act)

THE GRAND JURY CHARGES:

D-5    DESHAWN RAYNELL DAWSON, a/k/a "Mack Shawn"

That on or about February 24, 2009, at approximately 8:38 p.m.(Call # 4945) in the Eastern District of Michigan, Southern Division, and elsewhere DESHAWN RAYNELL DAWSON, , a/k/a "Mack Shawn," defendant herein, knowingly and intentionally used a communication facility, to-wit: a telephone, in causing or facilitating the commission of acts constituting a felony under the Controlled Substances Act, to-wit: conspiracy to distribute marijuana in violation of 21 U.S.C. § 846; and all in violation of Title 21, United States Code, Section 843(b).

## COUNT FOUR

### (21 U.S.C. § 843(b) -
### Use of Communication Facility in Facilitating the Commission of
### Violations of the Controlled Substances Act)

THE GRAND JURY CHARGES:

D-5    DESHAWN RAYNELL DAWSON, a/k/a "Mack Shawn"

That on or about February 11, 2009, at approximately 11:30 a.m.(Call # 2848) in the Eastern District of Michigan, Southern Division, and elsewhere DESHAWN RAYNELL DAWSON, , a/k/a "Mack Shawn," defendant herein, knowingly and intentionally used a communication facility, to-wit: a telephone, in causing or facilitating the commission of acts constituting a felony under the Controlled Substances Act, to-wit: conspiracy to distribute marijuana in violation of 21 U.S.C. § 846; and all in violation of Title 21, United States Code, Section 843(b).

## COUNT FIVE

### (21 U.S.C. § 843(b) -
### Use of Communication Facility in Facilitating the Commission of
### Violations of the Controlled Substances Act)

THE GRAND JURY CHARGES:

D-9    J.S. SHELTON, a/k/a "Little Bro" and "Jaime"

1. That on or about March 8, 2009, at approximately 12:16 p.m.(Call #6886), in the Eastern District of Michigan, Southern Division, and elsewhere J.S. SHELTON, , a/k/a "Little Bro" and "Jaime," defendant herein, knowingly and intentionally used a communication facility, to-wit: a telephone, in causing or facilitating the commission of acts constituting a felony under the Controlled Substances Act, to-wit: conspiracy to distribute marijuana in violation of 21

U.S.C. § 846; and all in violation of Title 21, United States Code, Section 843(b).

## COUNT SIX

### (21 U.S.C. § 843(b) - Use of Communication Facility in Facilitating the Commission of Violations of the Controlled Substances Act)

THE GRAND JURY CHARGES:

D-9   J.S. SHELTON, a/k/a "Little Bro" and "Jaime"

1. That on or about February 5, 2009, at approximately 11:34 a.m.(Call #1828), in the Eastern District of Michigan, Southern Division, and elsewhere J.S. SHELTON, , a/k/a "Little Bro" and "Jaime," defendant herein, knowingly and intentionally used a communication facility, to-wit: a telephone, in causing or facilitating the commission of acts constituting a felony under the Controlled Substances Act, to-wit: conspiracy to distribute marijuana in violation of 21 U.S.C. § 846; and all in violation of Title 21, United States Code, Section 843(b).

## COUNT SEVEN

### (21 U.S.C. § 843(b) - Use of Communication Facility in Facilitating the Commission of Violations of the Controlled Substances Act)

THE GRAND JURY CHARGES:

D-3   ANTONIO SIMMONS, a/k/a "Poncho"

That on or about March 1, 2009, at approximately 10:40 p.m. (Call #5704), in the Eastern District of Michigan, Southern Division, and elsewhere ANTONIO MAURICE SIMMONS, a/k/a "Poncho," defendant herein, knowingly and intentionally used a communication facility, to-wit: a telephone, in causing or facilitating the commission of acts constituting a felony under the Controlled Substances Act, to-wit: conspiracy to distribute marijuana in violation of 21 U.S.C. §

846; and all in violation of Title 21, United States Code, Section 843(b).

## COUNT EIGHT

### (18 U.S.C. § 922(g) - Felon in Possession of a Firearm and Ammunition)

THE GRAND JURY CHARGES:

D-2    DAJUAN LAMARR WREN, a/k/a "Nerau Neri Aasekhemu," "Juan," "Dajuan Johnson," "Stephon Greer"

That on or about May 8, 2009, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, DAJUAN LAMARR WREN, defendant herein, having been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year (felony offense), did knowingly possess the following firearm and ammunition:

(1) One loaded Glock 26 9mm semi-automatic, Serial #MPH662;and

(2) One loaded 100-round drum magazine for a .223 assault rifle;

which were manufactured outside the State of Michigan, and these traveled in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT NINE

### (18 U.S.C. § 922(g) - Felon in Possession of a Firearm)

THE GRAND JURY CHARGES:

D-4    TERRY ANDAMO TURNER, a/k/a "Big Pete"

That on or about March 31, 2009, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, TERRY ANDAMO TURNER, defendant herein, having been previously convicted of at least one crime punishable by imprisonment for a term

exceeding one year (felony offense), did knowingly possess the following firearm:

One Parabellum 9mm semi-automatic, Serial #R54744,

which was manufactured outside the State of Michigan, and this traveled in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TEN

### (18 U.S.C. § 922(g) - Felon in Possession of a Firearm)

THE GRAND JURY CHARGES:

D-7   DAVID MARTIN WYNN, a/k/a "Razorblade" and "Razor"

That on or about September 16, 2009, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, DAVID MARTIN WYNN, defendant herein, having been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year (felony offense), did knowingly possess the following firearm:

One loaded Mossburg 12-gauge shotgun, Serial #P214456,

which was manufactured outside the State of Michigan, and this traveled in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT ELEVEN

### (21 U.S.C. §841(a)(1) - Possession with Intent to Distribute a Controlled Substance, Marijuana)

THE GRAND JURY CHARGES:

D-8   CARON KENNY JACKSON, a/k/a "Juvy"

On or about October 14, 2009, in the Eastern District of Michigan, Southern Division, and elsewhere, defendant CARON KENNY JACKSON did knowingly, intentionally and

unlawfully commit an offense against the United States, that is, to possess with intent to distribute marijuana, a Schedule I controlled substance, said offense involving 62 pounds or more of marijuana, as defined in 21 United States Code, Section 841(b)(1)(C); contrary to the provisions of Title 21, United States Code, Section 841(a)(1); and all in violation of 21 U.S.C. § 841.

## COUNT TWELVE

### (21 U.S.C. §853, 18 U.S.C. § 981(a)(1)(C), 982(a)(1), 28 U.S.C. §2461 - Criminal Forfeiture)

1. The allegations contained in Counts 1, 2, and 8-11 of this Indictment are hereby incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853; Title 18, United States Code, Sections 924(d), 981(a)(1)(C) and 982; and Title 28, United States Code, Section 2461.

2. As a result of the foregoing violations of Title 21, United States Code, Sections 841 and 846 and Title 18, United States Code, Sections 922(g) and 1956, as charged in Counts 1, 2, and 8-12 of this Indictment, defendants shall forfeit to the United States: (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations; (b) any property involved in said violations, or any property traceable to such property; and (c) any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations.

3. **Identified Property Subject to Forfeiture.** Property subject to forfeiture to the United States includes, but is not limited to, the following property:

**SEIZED CURRENCY:**

(a) Eighteen Thousand Five Hundred Thirty Dollars ($18,530) in U.S. Currency; which was seized from J.S. SHELTON on November 11, 2008, by agents from the Drug Enforcement Administration (DEA) at the Detroit Metro Airport;

(b) Seven Thousand Dollars ($7,000) in U.S. Currency seized from the residence of J.S. SHELTON, 8795 Oak Ridge Trail, Westland, Michigan, on March 31, 2009;

(c) Fifty Three Thousand Four Dollars ($53,004) in U.S. Currency, seized from 137 Allenhurst, Royal Oak, Michigan, the residence of DAJUAN WREN, on May 8, 2009;

**VEHICLES:**

(d) One 2007 Mercedes Benz, VIN: WDDNG71X57A094778, seized from 137 Allenhurst, Royal Oak, Michigan, titled in the name of Dirty Glove Entertainment;

**JEWELRY:**

(e) One 18-carat white gold six-row diamond link bracelet, seized from 137 Allenhurst Avenue, Royal Oak, Michigan, on May 8, 2009;

(f) One man's Breitling Bentley 15.95 carat diamond watch, seized from 137 Allenhurst Avenue, Royal Oak, Michigan, on May 8, 2009;

**FIREARMS:**

(g) One loaded Glock 21 .45 semi-automatic, with extended magazine, Serial # WC025US, seized from 18939 W Seven Mile, Detroit, Michigan, the VIP Car Wash;

(h) One Colt .38 revolver, Serial #239693, seized from Champions Car Wash at 14881 East Seven Mile, Detroit, Michigan;

(I) One Parabellum 9mm handgun, Serial # R54744, seized from 18944 Mark Twain, Detroit, Michigan, the residence of TERRY ANDAMO TURNER, a/k/a Big Pete;

(j) One 26 9mm Glock, semi-automatic, Serial #MPH662, seized from residence of DAJUAN LAMAR WREN, at 137 Allenhurst, Royal Oak, Michigan;

(k) One loaded 100-round drum magazine for a .223 assault rifle, seized from residence of DAJUAN LAMAR WREN, at 137 Allenhurst, Royal Oak, Michigan; and

(l) One loaded Glock 33 .357 semi-automatic, Serial #LPL073, seized from 19815 W.

McNichols, Detroit, Michigan.

4. **Money Judgment.** Such property includes, but is not limited to, a money judgment, and all traceable interest and proceeds for which the defendants are jointly and severally liable. Such sum in aggregate is property representing the proceeds of the aforementioned offenses, or is traceable to such property, and/or is involved in violations of Title 21, United States Code, Sections 841 and 846 and Title 18, United States Code, Sections 922(g) and 1956.

5. **Substitute Assets.** Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), defendants shall forfeit substitute property, up to the value of the properties described in paragraphs 3 and 4 above, if, by any act or omission of the defendant, the property described in paragraphs 3 and 4 cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

THIS IS A TRUE BILL.

                                              s/Grand Jury Foreperson

BARBARA L. MCQUADE
United States Attorney

s/Kathryn McCarthy
Chief, Controlled Substances Unit

s/Julie A. Beck
Assistant United States Attorney

Dated: March 25, 2010

10

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cov** | Case: 2:10-cr-20137<br>Judge: Rosen, Gerald E<br>MJ: Morgan, Virginia M<br>Filed: 03-25-2010 At 02:03 PM<br>SEALED MATTER (SS) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to com~~plete~~ ~~~~

**Reassignment/Recusal Information**  This matter was opened in the USAO prior to August 15, 2008   [ ]

| **Companion Case Information** | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes     ☒ No | AUSA's Initials: _____ |

Case Title: USA v.  Michael Cathey, et al.

County where offense occurred :  Wayne County and Elsewhere

Check One:         ☒ Felony            ☐ Misdemeanor            ☐ Petty

```
  X  Indictment/____Information --- no prior complaint.
_____Indictment/____Information --- based upon prior complaint [Case number: ]
_____Indictment/____Information --- based upon LCrR 57.10 (d) [Complete Superseding section below].
```

**Superseding Case Information**

Superseding to Case No: _____   Judge: _____
- ☐ Original case was terminated; no additional charges or defendants.
- ☐ Corrects errors; no additional charges or defendants.
- ☐ Involves, for plea purposes, different charges or adds counts.
- ☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

March 25, 2010
    Date

Julie A. Beck
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone:  (313) 226-9717
Fax: (313) 226-3265
E-Mail address:  Julie.Beck@usdoj.gov
Attorney Bar #:  P53291

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09