**UNITED STATES DISTRICT COURT**
Northern District of California
1301 Clay Street
Oakland, California 94612

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
510.637.3530

April 19, 2010

Office of the Clerk
U.S. District Court, Eastern District of Michigan
231 West Lafayette Blvd.
Detroit, MI 48226

FILED
APR 22 2010
CLERK'S OFFICE
DETROIT

Case Name:     US-v-Deshawn Raynell Dawson
Case Number:   4-10-70284-DMR          EDMI #2:10-cr21057
Charges:       21:846, 841(a)(1), 21:843(b)

10-20137

Dear Clerk:

The above charges originated in your district and the defendant has appeared before U.S. Magistrate Judge Donna M. Ryu. The following action has been taken:

()      The U.S. Marshal has been ordered to remove this defendant to your district forthwith.

(X)     The defendant has a court appearance in your court on: 5/3/10 @ 1:00PM

Enclosed are the following documents:
original Rule 5 affidavit
certified copy of *AO 94, Commitment to Another District*
Other misc documents

**Please access the electronic case file for additional pleadings you may need. See the attached instructions for details.**

Please acknowledge receipt of the documents on the attached copy of this letter and return in the envelope provided.

Sincerely yours,

RICHARD WIEKING, Clerk

by: Kelly Collins
Case Systems Administrator

Enclosures
cc: Financial Office
--------------------------------------------------------------------------------
Receipt of the above-described documents is acknowledged herewith and assigned case number:

_____.

Date: _____

CLERK, U.S. DISTRICT COURT

By _____
Deputy Clerk

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
for the
Northern District of California

**FILED**

APR 1 9 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 4-10-070284-DMR |
| Deshawn Raynell Dawson ) | |
| _____ ) | Charging District:   Eastern District of Michigan |
| *Defendant* ) | Charging District's Case No.  2:10-cr-21037 |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT
## WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

| Place: US District Court, Eastern District of Michigan 231 West Lafayette Blvd. Detroit, MI 48226 | Courtroom No.:  #114, Mag. Judge Mona K. Majoub |
|---|---|
| | Date and Time: 5/3/2010 1:00 pm |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date:  4/19/10

_____
*Judge's signature*

DONNA M. RYU, United States Magistrate Judge
*Printed name and title*

cc:  DMR, Copies  to parties via ECF, 2 certified copies to US Marshal, Pretrial Svcs.

I hereby certify that the annexed
instrument is a true and correct copy of
the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California

By _____
Deputy Clerk
Date _____

5V

**FILED**

APR 16 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND | DATE 4/16/2010 | CASE NUMBER 4-10-70284-DMR |
|---|---|---|---|

NAME OF DEFENDANT: DESHAWN RAYNEL DAWSON

ADDRESS OF DEFENDANT

TELEPHONE NUMBER

NAME OF SURETY / CUSTODIAN: REV JESSE DAVIS JR. (Defts Pastor)

RELATIONSHIP TO DEFENDANT

ADDRESS OF SURETY / CUSTODIAN: 225-82 South Garden, Hayward, CA 94545

TELEPHONE NUMBER (510) 695-6920

NAME OF CUSTODIAN: Janeya Dawson

RELATIONSHIP TO DEFENDANT (Wife)

ADDRESS OF CUSTODIAN: 27443 Berenda Way, Hayward, CA 94544

TELEPHONE NUMBER (510) 887-2036

| AMOUNT OF BOND $150,000 | ☒ UNSECURED PR | ☐ SECURED BY $ | ☐ DEPOSIT RECEIVED RECEIVED FROM: | OTHER SECURITY POSTED TO BE POSTED BY: | TIME/DATE OF NEXT APPEARANCE 5/3/10 @ 9:30 am | COURTROOM/JUDGE Gen. Duty Mag. in Detroit Michigan |

## CONDITIONS OF RELEASE AND APPEARANCE

Defendant is subject to each condition checked:

☒ Defendant shall appear at all proceedings as ordered by the Court and shall surrender for service of any sentence imposed.

☒ Defendant shall not commit any federal, state, or local crime.

☒ Defendant shall not harass, threaten, intimidate, injure, tamper with, or retaliate against any witness, victim, informant, juror, or officer of the Court, or obstruct any criminal investigation. See 18 U.S.C. 1503, 1510, 1512, and 1513, on reverse side. & Detroit Michigan for initial

☒ Defendant shall not travel outside the Northern District of California, that is, these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, San Francisco, San Mateo, Santa Clara, Santa Cruz, and Sonoma. See map on reverse side.

☒ Defendant shall report in person immediately upon release and thereafter as directed to Pretrial Services in Oakland, CA & Detroit Michigan. See addresses and telephone numbers on reverse side.

☒ Defendant shall surrender all passports and visas to the Court by ASAP if any (Deft said he has No passport) and shall not apply for any passports or other travel documents.

☒ Defendant shall not possess any firearm, destructive device, or other dangerous weapon.

☒ Defendant shall remain in the custody of custodian Janeya Dawson & Jesse Davis (Deft will reside with wifes address above) who agrees to supervise him/her and to report any violation of a release condition to Pretrial Services. A custodian who fails to do so may be prosecuted for contempt.

☒ Defendant shall participate in (drug) (alcohol) (mental health) counseling, and submit to (drug) (alcohol) testing, as directed by Pretrial Services.

☒ Defendant shall not use alcohol to excess and shall not use or possess any narcotic or other controlled substance without a legal prescription.

☐ Defendant shall maintain current employment, or if unemployed shall seek and maintain verifiable employment.

☐ Defendant shall submit to a warrantless search of his/her person, place of residence and vehicle at the direction of Pretrial Services.

☒ Defendant shall have no contact with any co-defendant out of the presence of counsel.

☒ Defendant shall not change residence without prior approval of Pretrial Services. to be set at discretion

☒ Defendant shall comply with the following curfew: _____ to _____ for first 30 days Court appearances, atty. visits

☒ Defendant shall be subject to electronic or voice track monitoring. Defendant may leave home for the purpose of & as directed by Pretrial Services.

☐ Defendant must ☐ reside in Halfway House _____ ☐ participate in Residential Treatment

☐ The following conditions also apply:

of pretrial services in conjunction with Electronic Monitoring

_____ Defendant shall contribute to the cost of services provided by Pretrial Services as directed by Pretrial Services.

## CONSEQUENCES OF DEFENDANT'S FAILURE TO OBEY CONDITIONS OF RELEASE

Payment of the full amount of this bond shall be due forthwith, and all cash or property posted to secure it shall be forfeited. Judgment may be entered and executed against defendant and all sureties jointly and severally.

An arrest warrant for defendant shall issue immediately, and defendant may be detained without bail for the rest of the proceedings.

Defendant shall be subject to consecutive sentences and fines for failure to appear and/or for committing an offense while on release. See 18 U.S.C. 3146 and 3147, on reverse side.

We, the undersigned, have read and understand the terms of this bond and acknowledge that we are bound by it until duly exonerated.

| SIGNATURE OF DEFENDANT X Deshawn Dawson | 4/16/10 | SIGNATURE OF SURETY(ies) X | 4/16/10 |
| SIGNATURE OF CUSTODIAN X Janeya Dawson 4/16/10 (Wife) | | Custodian X (Pastor) 4/16/10 | |

THIS ORDER AUTHORIZES THE MARSHAL TO RELEASE DEFENDANT FROM CUSTODY.

SIGNATURE OF MAGISTRATE JUDGE _____ DATE 4/16/10

1-CLERK OF COURT-WHITE COPY

# BOND CONTINUATION/SUPPLEMENT

**CASE NUMBER:** 4-10-70284 DMR          **NAME OF DEFENDANT:** Deshawn Raynell Dawson

**DEFENDANT WAS RELEASED ON** $160,000 PR/Unsecured
**SUBJECT TO THE FOLLOWING CONDITIONS:** (See 1st page of Bond for all conditions)

☐ Defendant shall appear at all proceedings as ordered by the Court and shall surrender for service of any sentence imposed.

☐ Defendant shall not commit any federal, state, or local crime.

☐ Defendant shall not harass, threaten, intimidate, injure, tamper with, or retaliate against any witness or informant, juror or officer of the Court, or obstruct any criminal investigation. See 18 U.S.C. 1503, 1510, 1512, and 1513 on reverse side.

☐ Defendant shall not travel outside the Northern District of California, that is, these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, San Francisco, San Mateo, Santa Clara, Santa Cruz, and Sonoma. See map on reverse

☐ Defendant shall report in person, immediately upon release, and every_____, and by telephone every_____, by 4:00 p.m. to the U.S. Pretrial Office in _____. See addresses and telephone numbers on reverse side.

☐ Defendant shall surrender all passports and visas to the Court by_____and shall not apply for any other passports.

☐ Defendant shall not possess any firearm, destructive device, or other dangerous weapon.

☐ Defendant shall remain in the custody of the custodian named above, who agrees to supervise him/her and to report any violation of a release condition to the U.S. Marshal. If the custodian fails to do so, he/she will be prosecuted for contempt of court.

| TO NOTIFY U.S. MARSHAL: | Monday through Friday, 8:00 a.m. to 4:30 p.m. (415) 436-7659 |
| | After hours, weekend and holidays (800) 336-0102 |

☐ Defendant shall participate in (drug) (alcohol) (psychiatric) counseling, and submit to drug testing, as directed by Pretrial Services.

☐ Defendant shall not use alcohol to excess and shall not use or possess any narcotic or other controlled substance without a legal prescription.

☐ The following conditions also apply:

**ADDITIONAL SURETIES:**                          490 Glasgow Dr.
                                                  Pacifica, CA 94044

PATRICIA A. COLLINS
**NAME OF SURETY**          **ADDRESS**          **PHONE#** (650) 359-4229

X Patricia A. Collins          4-16-10
**SIGNATURE OF SURETY**          **DATE**

**NAME OF SURETY**          **ADDRESS**          **PHONE#**

**SIGNATURE OF SURETY**          **DATE**

**NAME OF CUSTODIAN**          **ADDRESS**          **PHONE#**

**SIGNATURE OF CUSTODIAN**          **DATE**

1   JOSEPH P. RUSSONIELLO (CABN 44332)
    United States Attorney

2

3   BRIAN J. STRETCH (CABN 163973)
    Chief, Criminal Division

4   WADE M. RHYNE (CABN 216799)
    Assistant United States Attorney

5

6       1301 Clay Street, Suite 340-S
        Oakland, California 94612
        Telephone:  (510) 637-3693

7       Facsimile:   (510) 637-3724
        E-Mail:      wade.rhyne@usdoj.gov

8

9   Attorneys for the United States

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                    OAKLAND DIVISION

13

14  UNITED STATES OF AMERICA,          )   No. 4-10-70284
                                       )
15          Plaintiff,                 )
                                       )   NOTICE OF PROCEEDINGS ON OUT-
16      v.                             )   OF-DISTRICT CRIMINAL CHARGES
                                       )   PURSUANT TO RULES OF CRIMINAL
17  DESHAWN RAYNELL DAWSON,            )   PROCEDURE
                                       )
18          Defendant.                 )
                                       )
19  _____)

20          Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal

21  Procedure that on or about April 13, 2010, the above-named defendant was arrested in the

22  Northern District of California with a pending arrest warrant (attached) issued in case number10-

23  20137 in the issued upon an Indictment (attached).  Defendant is charged in four counts as

24  follows:

25          Count One – Conspiracy to Possess with Intent to Distribute and to Distribute Heroin and

26  Marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1).

27          Count Three – Use of Communication Facility in Facilitating the Commission of

28  Violations of the Controlled Substances Act in violation of 21 U.S.C. § 843(b).

1    Count Four – Use of Communication Facility in Facilitating the Commission of

2  Violations of the Controlled Substances Act in violation of 21 U.S.C. § 843(b).

3    Count Twelve – Criminal Forfeiture.

4    The maximum penalties for each of these offenses are set forth in the Defendant's

5  Acknowledgment of Indictment (attached).

6                                   Respectfully Submitted,

7

8                                   JOSEPH P. RUSSONIELLO
                                    United States Attorney

9

10 Dated: April 13, 2010

11                                  WADE M. RHYNE
                                    Assistant United States Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AUSA Julie A. Beck
Special Agent Bryan Sartori, DEA

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America

v.

DESHAWN RAYNELL DAWSON

Case: 2:10-cr-20137

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*  DESHAWN RAYNELL DAWSON, a/k/a "Mack Shawn"
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:
21 U.S.C. Sections 846, 841(a)(1) - Conspiracy to Possess with Intent to Distribute and to Distribute Heroin and Marijuana
21 U.S.C. Section 843(b) - Use of a Communication Facility in furtherance of a crime

Date:  March 25, 2010

City and state:  Detroit, MI

*Issuing officer's signature*

LOLITA GRANGER DEPUTY CLERK
*Printed name and title*

| Return | |
|---|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____. | |
| Date: _____ | *Arresting officer's signature* |
| | *Printed name and title* |

*Distribution: Original Court – 1 copy U.S. Marshal – 2 copies USA*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                  Case No. 10-cr-20137

      Plaintiff                 Honorable Gerald E. Rosen

vs.

D-1    MICHAEL LAMAR CATHEY, a/k/a "Moe Green,"
D-2    DAJUAN LAMARR WREN, a/k/a "Nerau Neri Aasekhemu," "Juan,"
         "Dajuan Johnson," "Stephon Greer,"
D-3    ANTONIO SIMMONS, a/k/a "Poncho,"
D-4    TERRY ANDAMO TURNER, a/k/a "Big Pete,"
D-5    DESHAWN RAYNELL DAWSON, a/k/a "Mack Shawn,"
D-6    MICHAEL ALLEN RANDOLPH, a/k/a "Fat Mike,"
D-7    DAVID MARTIN WYNN, a/k/a "Razorblade" and "Razor,"
D-8    CARON KENNY JACKSON, a/k/a "Juvy,"
D-9    J.S. SHELTON, a/k/a "Little Bro" and "Jaime," and
D-10  KRISMEN GOODEN, a/k/a "Missy,"

      Defendants.
_____/.

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE

**(21 U.S.C. §§846, 841(a)(1) - Conspiracy
to Possess with Intent to Distribute and to Distribute Heroin and Marijuana)**

THE GRAND JURY CHARGES:

D-1    MICHAEL LAMAR CATHEY, a/k/a "Moe Green"
D-2    DAJUAN LAMARR WREN, a/k/a "Nerau Neri Aasekhemu," "Juan,"
         "Dajuan Johnson," "Stephon Greer"
D-4    TERRY ANDAMO TURNER, a/k/a "Big Pete"
D-5    DESHAWN RAYNELL DAWSON, a/k/a "Mack Shawn"
D-6    MICHAEL ALLEN RANDOLPH, a/k/a "Fat Mike"
D-7    DAVID MARTIN WYNN, a/k/a "Razorblade" and "Razor"
D-8    CARON KENNY JACKSON, a/k/a "Juvy"

1

That from on or about July, 2005, continuing through the date of this Indictment, said

dates being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere,

D-1 MICHAEL LAMAR CATHEY, a/k/a "Moe Green;" D-2 DAJUAN LAMARR WREN,

a/k/a "Nerau Neri Aasekhemu," "Juan," "Dajuan Johnson," "Stephon Greer;" D-4 TERRY

ANDAMO TURNER, a/k/a "Big Pete;" D-5 DESHAWN RAYNELL DAWSON, a/k/a "Mack

Shawn;" D-6 MICHAEL ALLEN RANDOLPH, a/k/a "Fat Mike;" D-7 DAVID MARTIN

WYNN, a/k/a "Razorblade" and Razor;" and D-8 CARON KENNY JACKSON, a/k/a "Juvy;"

defendants herein, did knowingly, intentionally and unlawfully combine, conspire, confederate

and agree with each other and with others, whose names are both known and unknown to the

Grand Jury, to commit an offense against the United States, that is, to possess with intent to

distribute and to distribute a controlled substance; heroin, a Schedule I Controlled Substance,

said conspiracy involving 755 grams or more of a mixture or substance containing a detectable

amount of heroin, as defined in 21 United States Code, Section 841(b)(1)(B); and marijuana, a

Schedule I Controlled Substance, as defined in 21 United States Code, Section 841(b)(1)(C); all

contrary to the provisions of Title 21, United States Code, Section 841(a)(1); and all in violation

of Title 21, United States Code, Section 846.

## COUNT TWO

### (18 U.S.C. §§ 1957, 2 - Money Laundering, Aiding and Abetting)

THE GRAND JURY CHARGES:

D-1     MICHAEL LAMAR CATHEY, a/k/a "Moe Green"
D-10   KRISMEN GOODEN, a/k/a "Missy"

That on or about November 20, 2009, defendants D-1 MICHAEL LAMAR CATHEY,

2

a/k/a "Moe Green," and D-10 KRISMEN GOODEN, a/k/a "Missy," in the Eastern District of

Michigan and elsewhere, knowingly engaged and attempted to engage in a monetary transaction,

affecting interstate or foreign commerce, in criminally derived property of a value greater than

Ten Thousand Dollars ($10,000) in U.S. Currency, to-wit, approximately Two Hundred Seventy

Five Thousand Dollars ($275,000) in U.S. Currency, which funds were derived from a specified

unlawful activity, to-wit, illegal trafficking of controlled substances in violation of Title 21

U.S.C. §§ 841 and 846; and all in violation of 18 U.S.C. §§1957, 2.

### COUNT THREE

**(21 U.S.C. § 843(b) -**
**Use of Communication Facility in Facilitating the Commission of**
**Violations of the Controlled Substances Act)**

THE GRAND JURY CHARGES:

D-5     DESHAWN RAYNELL DAWSON, a/k/a "Mack Shawn"

That on or about February 24, 2009, at approximately 8:38 p.m.(Call # 4945) in the

Eastern District of Michigan, Southern Division, and elsewhere DESHAWN RAYNELL

DAWSON, , a/k/a "Mack Shawn," defendant herein, knowingly and intentionally used a

communication facility, to-wit: a telephone, in causing or facilitating the commission of acts

constituting a felony under the Controlled Substances Act, to-wit: conspiracy to distribute

marijuana in violation of 21 U.S.C. § 846; and all in violation of Title 21, United States Code,

Section 843(b).

3

## COUNT FOUR

### (21 U.S.C. § 843(b) -
Use of Communication Facility in Facilitating the Commission of
Violations of the Controlled Substances Act)

THE GRAND JURY CHARGES:

D-5     DESHAWN RAYNELL DAWSON, a/k/a "Mack Shawn"

That on or about February 11, 2009, at approximately 11:30 a.m.(Call # 2848) in the

Eastern District of Michigan, Southern Division, and elsewhere DESHAWN RAYNELL

DAWSON, , a/k/a "Mack Shawn," defendant herein, knowingly and intentionally used a

communication facility, to-wit: a telephone, in causing or facilitating the commission of acts

constituting a felony under the Controlled Substances Act, to-wit: conspiracy to distribute

marijuana in violation of 21 U.S.C. § 846; and all in violation of Title 21, United States Code,

Section 843(b).

## COUNT FIVE

### (21 U.S.C. § 843(b) -
Use of Communication Facility in Facilitating the Commission of
Violations of the Controlled Substances Act)

THE GRAND JURY CHARGES:

D-9     J.S. SHELTON, a/k/a "Little Bro" and "Jaime"

1. That on or about March 8, 2009, at approximately 12:16 p.m.(Call #6886), in the

Eastern District of Michigan, Southern Division, and elsewhere J.S. SHELTON, , a/k/a "Little

Bro" and "Jaime," defendant herein, knowingly and intentionally used a communication facility,

to-wit: a telephone, in causing or facilitating the commission of acts constituting a felony under

the Controlled Substances Act, to-wit: conspiracy to distribute marijuana in violation of 21

U.S.C. § 846; and all in violation of Title 21, United States Code, Section 843(b).

## COUNT SIX

### (21 U.S.C. § 843(b) -
### Use of Communication Facility in Facilitating the Commission of
### Violations of the Controlled Substances Act)

THE GRAND JURY CHARGES:

D-9     J.S. SHELTON, a/k/a "Little Bro" and "Jaime"

1. That on or about February 5, 2009, at approximately 11:34 a.m.(Call #1828), in the

Eastern District of Michigan, Southern Division, and elsewhere J.S. SHELTON, , a/k/a "Little

Bro" and "Jaime," defendant herein, knowingly and intentionally used a communication facility,

to-wit: a telephone, in causing or facilitating the commission of acts constituting a felony under

the Controlled Substances Act, to-wit: conspiracy to distribute marijuana in violation of 21

U.S.C. § 846; and all in violation of Title 21, United States Code, Section 843(b).

## COUNT SEVEN

### (21 U.S.C. § 843(b) -
### Use of Communication Facility in Facilitating the Commission of
### Violations of the Controlled Substances Act)

THE GRAND JURY CHARGES:

D-3     ANTONIO SIMMONS, a/k/a "Poncho"

That on or about March 1, 2009, at approximately 10:40 p.m. (Call #5704), in the Eastern

District of Michigan, Southern Division, and elsewhere ANTONIO MAURICE SIMMONS,

a/k/a "Poncho," defendant herein, knowingly and intentionally used a communication facility, to-

wit: a telephone, in causing or facilitating the commission of acts constituting a felony under the

Controlled Substances Act, to-wit: conspiracy to distribute marijuana in violation of 21 U.S.C. §

5

846; and all in violation of Title 21, United States Code, Section 843(b).

## COUNT EIGHT

**(18 U.S.C. § 922(g) - Felon in Possession of a Firearm and Ammunition)**

THE GRAND JURY CHARGES:

D-2    DAJUAN LAMARR WREN, a/k/a "Nerau Neri Aasekhemu," "Juan," "Dajuan Johnson," "Stephon Greer"

That on or about May 8, 2009, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, DAJUAN LAMARR WREN, defendant herein, having been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year (felony offense), did knowingly possess the following firearm and ammunition:

(1) One loaded Glock 26 9mm semi-automatic, Serial #MPH662; and

(2) One loaded 100-round drum magazine for a .223 assault rifle;

which were manufactured outside the State of Michigan, and these traveled in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT NINE

**(18 U.S.C. § 922(g) - Felon in Possession of a Firearm)**

THE GRAND JURY CHARGES:

D-4    TERRY ANDAMO TURNER, a/k/a "Big Pete"

That on or about March 31, 2009, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, TERRY ANDAMO TURNER, defendant herein, having been previously convicted of at least one crime punishable by imprisonment for a term

exceeding one year (felony offense), did knowingly possess the following firearm:

One Parabellum 9mm semi-automatic, Serial #R54744,

which was manufactured outside the State of Michigan, and this traveled in interstate commerce,

in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TEN

### (18 U.S.C. § 922(g) - Felon in Possession of a Firearm)

THE GRAND JURY CHARGES:

D-7    DAVID MARTIN WYNN, a/k/a "Razorblade" and "Razor"

That on or about September 16, 2009, said date being approximate, in the Eastern District

of Michigan, Southern Division, and elsewhere, DAVID MARTIN WYNN, defendant herein,

having been previously convicted of at least one crime punishable by imprisonment for a term

exceeding one year (felony offense), did knowingly possess the following firearm:

One loaded Mossburg 12-gauge shotgun, Serial #P214456,

which was manufactured outside the State of Michigan, and this traveled in interstate commerce,

in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT ELEVEN

### (21 U.S.C. §841(a)(1) - Possession with Intent to Distribute
### a Controlled Substance, Marijuana)

THE GRAND JURY CHARGES:

D-8    CARON KENNY JACKSON, a/k/a "Juvy"

On or about October 14, 2009, in the Eastern District of Michigan, Southern Division,

and elsewhere, defendant CARON KENNY JACKSON did knowingly, intentionally and

unlawfully commit an offense against the United States, that is, to possess with intent to distribute marijuana, a Schedule I controlled substance, said offense involving 62 pounds or more of marijuana, as defined in 21 United States Code, Section 841(b)(1)(C); contrary to the provisions of Title 21, United States Code, Section 841(a)(1); and all in violation of 21 U.S.C. § 841.

**COUNT TWELVE**

**(21 U.S.C. §853, 18 U.S.C. § 981(a)(1)(C), 982(a)(1), 28 U.S.C. §2461 - Criminal Forfeiture)**

1.      The allegations contained in Counts 1, 2, and 8-11 of this Indictment are hereby incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853;  Title 18, United States Code, Sections 924(d), 981(a)(1)(C) and 982; and Title 28, United States Code, Section 2461.

2.      As a result of the foregoing violations of Title 21, United States Code, Sections 841 and 846 and Title 18, United States Code, Sections 922(g) and 1956, as charged in Counts 1, 2, and 8-12 of this Indictment, defendants shall forfeit to the United States: (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations; (b) any property involved in said violations, or any property traceable to such property; and (c) any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations.

3.      **Identified Property Subject to Forfeiture.** Property subject to forfeiture to the United States includes, but is not limited to, the following property:

8

**SEIZED CURRENCY:**

(a) Eighteen Thousand Five Hundred Thirty Dollars ($18,530) in U.S. Currency; which was seized from J.S. SHELTON on November 11, 2008, by agents from the Drug Enforcement Administration (DEA) at the Detroit Metro Airport;

(b) Seven Thousand Dollars ($7,000) in U.S. Currency seized from the residence of J.S. SHELTON, 8795 Oak Ridge Trail, Westland, Michigan, on March 31, 2009;

(c) Fifty Three Thousand Four Dollars ($53,004) in U.S. Currency, seized from 137 Allenhurst, Royal Oak, Michigan, the residence of DAJUAN WREN, on May 8, 2009;

**VEHICLES:**

(d) One 2007 Mercedes Benz, VIN: WDDNG71X57A094778, seized from 137 Allenhurst, Royal Oak, Michigan, titled in the name of Dirty Glove Entertainment;

**JEWELRY:**

(e) One 18-carat white gold six-row diamond link bracelet, seized from 137 Allenhurst Avenue, Royal Oak, Michigan, on May 8, 2009;

(f) One man's Breitling Bentley 15.95 carat diamond watch, seized from 137 Allenhurst Avenue, Royal Oak, Michigan, on May 8, 2009;

**FIREARMS:**

(g) One loaded Glock 21 .45 semi-automatic, with extended magazine, Serial # WC025US, seized from 18939 W Seven Mile, Detroit, Michigan, the VIP Car Wash;

(h) One Colt .38 revolver, Serial #239693, seized from Champions Car Wash at 14881 East Seven Mile, Detroit, Michigan;

(I) One Parabellum 9mm handgun, Serial # R54744, seized from 18944 Mark Twain, Detroit, Michigan, the residence of TERRY ANDAMO TURNER, a/k/a Big Pete;

(j) One 26 9mm Glock, semi-automatic, Serial #MPH662, seized from residence of DAJUAN LAMAR WREN, at 137 Allenhurst, Royal Oak, Michigan;

(k) One loaded 100-round drum magazine for a .223 assault rifle, seized from residence of DAJUAN LAMAR WREN, at 137 Allenhurst, Royal Oak, Michigan; and

(l) One loaded Glock 33 .357 semi-automatic, Serial #LPL073, seized from 19815 W.

9

McNichols, Detroit, Michigan.

4.      **Money Judgment.** Such property includes, but is not limited to, a money judgment, and all traceable interest and proceeds for which the defendants are jointly and severally liable. Such sum in aggregate is property representing the proceeds of the aforementioned offenses, or is traceable to such property, and/or is involved in violations of Title 21, United States Code, Sections 841 and 846 and Title 18, United States Code, Sections 922(g) and 1956.

5.      **Substitute Assets.** Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), defendants shall forfeit substitute property, up to the value of the properties described in paragraphs 3 and 4 above, if, by any act or omission of the defendant, the property described in paragraphs 3 and 4 cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

THIS IS A TRUE BILL.

                                    s/Grand Jury Foreperson

BARBARA L. MCQUADE
United States Attorney

s/Kathryn McCarthy
Chief, Controlled Substances Unit

s/Julie A. Beck
Assistant United States Attorney

Dated: March 25, 2010

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                CRIMINAL NO. 10-20137

vs.                               HONORABLE GERALD E. ROSEN

D-5    DESHAWN RAYNELL DAWSON,
        a/k/a "Mack Shawn,"

                Defendant.

_____/

## DEFENDANT'S ACKNOWLEDGMENT OF INDICTMENT

      I, DESHAWN RAYNELL DAWSON, defendant in this case, hereby acknowledge that I have received a copy of the indictment before entering my plea, and that I have read it and understand its contents.

      I know that if I am convicted or plead guilty, I may be sentenced as follows:

| | |
|---|---|
| Count 1 | No less than 5 years but no more than 40 years imprisonment, a fine of not more than $2,000,000, or both |
| Count 3 | not more than eight (8) years in prison, a fine under Title 18, or both |
| Count 4 | not more than eight (8) years in prison, a fine under Title 18, or both |
| Count 12 | Criminal forfeiture of all proceeds, facilitating property or property involved in the violations set forth in Counts 1-11 |

                        _____

                        DESHAWN RAYNELL DAWSON
                        Defendant

## ACKNOWLEDGMENT OF DEFENSE COUNSEL

I acknowledge that I am counsel for defendant and that I have received a copy of the Standing Order for Discovery and Inspection which requires all pre-trial motions to be filed within twenty (20) days of arraignment.

_____
PRINT NAME:
Counsel for Defendant

Dated:

CLOSED, E-Filing

# U.S. District Court
## California Northern District (Oakland)
## CRIMINAL DOCKET FOR CASE #: 4:10-mj-70284-DMR-1
### Internal Use Only

Case title: USA v. Dawson                  Date Filed: 04/13/2010
Other court case number: 2:10-cr-20137 Eastern District of    Date Terminated: 04/19/2010
                                 Michigan

Assigned to: Magistrate Judge Donna
M. Ryu

**Defendant (1)**

**Deshawn Raynell Dawson**            represented by  **Jerome Emory Matthews**
*TERMINATED: 04/19/2010*                              Office of the Federal Public Defender
                                                      555 - 12th Street
                                                      Suite 650
                                                      Oakland, CA 94607-3500
                                                      510-637-3500
                                                      Fax: 510-637-3507
                                                      Email: jerome_matthews@fd.org
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Public Defender or*
                                                      *Community Defender Appointment*

**Pending Counts**                          **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                       **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                              **Disposition**

21:846, 841(a)(1): Conspiracy to
possess with intent to distribute and to

I hereby certify that the annexed
instrument is a true and correct copy of
the original on file in my office.
ATTEST:
          RICHARD W. WIEKING
          Clerk, U.S. District Court
          Northern District of California

By _____ Deputy Clerk

Date _____

distribute heroin and marijuana

**Plaintiff**

**USA**                    represented by    **Wade Maxwell Rhyne**
Department of Justice
United States Attorney's Office
1301 Clay Street
Suite 340S
Oakland, CA 94612
510-637-3693
Fax: 510-637-3724
Email: wade.rhyne@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/13/2010 | 🌐 1 | Notice of Proceedings on Out-of-District Criminal Charges Pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure as to Deshawn Raynell Dawson. (kc, COURT STAFF) (Filed on 4/13/2010) (Entered: 04/13/2010) |
| 04/13/2010 | 🌐 | CASE DESIGNATED for Electronic Filing. (kc, COURT STAFF) (Filed on 4/13/2010) (Entered: 04/13/2010) |
| 04/13/2010 | 🌐 2 | Minute Entry for proceedings held before Magistrate Judge Donna M. Ryu: Initial Appearance as to Deshawn Raynell Dawson held on 4/13/2010. Arraignment as to Deshawn Raynell Dawson on indictment from the Eastern District of Michigan held on 4/13/2010. NOT GUILTY plea entered. I.D. of Counsel Hearing held on 4/13/2010. CJA23 Submitted. Added attorney Jerome Emory Matthews for Deshawn Raynell Dawson. Detention Hearing set for 4/16/2010 at 10:00 AM before Magistrate Judge Donna M. Ryu. Remanding defendant to custody. (Tape #FTR 4/13/10 1:24-1:37.) (kc, COURT STAFF) (Filed on 4/13/2010) (Entered: 04/14/2010) |
| 04/16/2010 | 🌐 3 | Minute Entry for proceedings held before Magistrate Judge Donna M. Ryu: Detention Hearing as to Deshawn Raynell Dawson held on 4/16/2010. Defendant released on $150,000 P/R bond. Identity/Removal Hearing WAIVED. Defendant ordered removed forthwith to the Eastern District of Michigan for appearance on 5/3/2010 at 9:30 AM before Gen. Duty Magistrate Judge. (Tape #FTR 4/16/10 10:24-10:47, 11:20-11:44.) (kc, COURT STAFF) (Filed on 4/16/2010) (Entered: 04/19/2010) |
| 04/16/2010 | 🌐 | (Court only) ***Case Terminated as to Deshawn Raynell Dawson (kc, COURT STAFF) (Filed on 4/16/2010) (Entered: 04/19/2010) |
| 04/16/2010 | 🌐 4 | P/R Bond Entered as to Deshawn Raynell Dawson in amount of $150,000. (kc, COURT STAFF) (Filed on 4/16/2010) (Entered: 04/19/2010) |
| 04/19/2010 | 🌐 5 | ORDER Requiring Defendant to Appear in the District where Charges are |

Pending and Transferring Bail as to Deshawn Raynell Dawson. Defendant committed to District of Eastern District of Michigan. Signed by Magistrate Judge Donna M. Ryu on 4/19/10. (kc, COURT STAFF) (Filed on 4/19/2010) (Entered: 04/19/2010)