UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                  Case No. 10-20137

-vs-

                                                  HONORABLE GERALD E. ROSEN

D-5    DESHAWN RAYNELL DAWSON,
         a/k/a "Mack Shawn,"

        Defendant.
_____/.

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States, by and through counsel, BARBARA L. MCQUADE, United States Attorney, JULIE A. BECK and ERIC DOEH, Assistants United States Attorney, hereby submit this sentencing memorandum as to defendant Deshawn Raynell Dawson.

                                                  Respectfully submitted,

                                                  BARBARA L. MCQUADE
                                                  United States Attorney

                                                  s/Julie A. Beck (P53291)
                                                  Assistant United States Attorney
                                                  211 West Fort Street, Suite 2001
                                                  Detroit, Michigan 48226
                                                  (313) 226-9717
                                                  julie.beck@usdoj.gov

                                                  s/Eric Doeh (P69652)
                                                  Assistant United States Attorney
                                                  (313) 226-9569
                                                  eric.doeh@usdoj.gov

Dated: March 8, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case No. 10-20137

-vs-

                                    HONORABLE GERALD E. ROSEN

D-5    DESHAWN RAYNELL DAWSON,
         a/k/a "Mack Shawn,"

        Defendant.
_____/.

## MEMORANDUM

### I.    PROCEDURAL HISTORY

Defendant Deshawn Raynell Dawson pled guilty to a one-count Information on October 26, 2010, charging conspiracy to possess with intent to distribute approximately 3.5 kilograms of marijuana in violation of 21 U.S.C. §§ 841, 846. The offense conduct occurred between approximately January 2, 2009 and February 24, 2009. The conduct included defendant sending hydroponic marijuana on seven (7) different occasions through the mail from California to Detroit for the purpose of distributing the marijuana. The total amount of marijuana involved was approximately 3.5 kilograms. As the Court knows, there were varying levels of culpability in this hybrid conspiracy. Defendant was involved for a brief period of time and for small amounts of marijuana.

The parties calculated defendant's criminal history points, finding him to be a Criminal History Category III, determined the appropriate quantity of marijuana involved and agreed to a guideline range of 10-16 months. At that time, the parties did not contemplate application of the

Career Offender provision of the guidelines, although the Court did raise it at the plea hearing.

The Probation Department agreed with the parties' calculations except with respect to application of the Career Offender guideline and calculated defendant's guideline range as 37-46 months.

## II. THE RULE 11 PLEA AGREEMENT

### A. Acceptance of Responsibility

Defendant debriefed with the government prior to his plea hearing and pled guilty, which qualified as acceptance of responsibility. He did admit responsibility for his role in the conspiracy, for which he received a benefit in his guidelines calculations (-2 from the base offense level of 12).

Based on the criminal history set forth in Defendant's CCH, the Rule 11 Plea Agreement contemplated a guideline range of 10-16 months based on a criminal history category III. The Probation Officer gave defendant a three-point deduction because the base offense level was calculated as 17, based on the Career Offender provision of the USSG, which allows for a three-point deduction, resulting in an adjusted offense level of 14.

### B. Agreed Guideline Range

Defendant's Rule 11 Plea Agreement provides as follows:

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is **10-16 months,** as set forth on the attached worksheets.  If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime,

3

and if any such finding results in a guideline range higher than **10-16 months**, the higher guideline range becomes the agreed range.   However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

Rule 11 Plea Agreement, pp. 2-3 (docket # 110).

The Probation Department calculated Defendant's guideline range as 37-46 months based on application of the Career Offender guideline provision. USSC §4B1.1. Specifically, Probation found the adjusted based offense level to be 14 and applied a Category VI criminal history due to his career offender status, resulting in a guideline range of 37-46 months.

### C. Defendant's early plea assisted the government in beginning plea discussions with co-defendants.

While the government is not making a motion for a downward departure based on substantial assistance for this defendant, USSG § 5K1.1, the government will state that after defendant agreed to plead guilty, other defendants, including lead defendant Michael Cathey, began to discuss their plea possibilities. While ultimately seven defendants pled guilty the week before trial, the plea discussions were ongoing for several months before then. Defendant's early plea was instrumental in launching that process.

### III. APPLICATION OF THE SENTENCING GUIDELINES

#### A. A guidelines sentence is presumptively reasonable.

The government notes that a sentence properly calculated under the sentencing guidelines is presumptively reasonable. *United States v. Williams*, 436 F.3d 706 (6th Cir. 2006). Moreover, after *Booker*, the appropriate guideline range, including departures, must be considered as one of the § 3553 factors. *United States v. McBride*, 434 F.3d 470 (6th Cir. 2006) (rejecting the Seventh Circuit's view that guidelines departures are obsolete). This Court must make factual findings to determine a guideline range as before *Booker*. *United States v. Coffee*, 434 F.3d 887 (6th Cir.), *cert. denied,* 126 S.Ct. 2313 (2006); *see also United States v. Stone*, 432 F.3d 651 (6th Cir. 2005) (*Booker* did not eliminate judicial fact-finding).

In this case, defendant's conduct was limited and minor compared to his co-defendants. He was involved in shipping approximately 3.5 kilograms of marijuana to Detroit in a two-month time period. He was not involved with co-defendants with the exception of D-1, Michael Cathey. The Information filed accurately charged him with his conduct. The guidelines sentence so calculated is reasonable as to his conduct

However, his criminal history requires consideration of the Career Offender provision of the guidelines because he has two prior drug felonies. One of those convictions is discussed in greater detail below.

Based on the factors set forth in 18 U.S.C. § 3553 and the law as defined post-*Booker*, the government respectfully requests that the Court find Defendant's guideline range of 10-16 months reasonable and sentence him accordingly.

**B.     Application of the Career Offender guideline overstates this defendant's criminal history.**

If the Court determines that application of the Career Offender guidelines is prudent, the Court may reject the Rule 11 Plea Agreement and direct the parties to consider other options. If the Court determines that application of the Career Offender guideline is not warranted, the following are arguments to support the provision's inapplicability. First, the USSG provide for consideration of a downward departure pursuant to USSG §4A1.3(b)(1). Section 4A1.3(b)(1) provides, in relevant part:

> STANDARD FOR DOWNWARD DEPARTURE. – If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

However, Section 4A1.3(b)(3) further provides that there is a limitation on a downward departure for a career offender:

> The extent of a downward departure under this subsection for a career offender within the meaning of §4B1.1 (Career Offender) may not exceed one criminal history category.

Section 4A1.3(b) also indicates that a downward departure could be granted if it appears that the defendant is unlikely to commit additional crimes. Accordingly, even the career offender provision may be considered for reduction.

**C.     Defendant's criminal history is overrepresented.**

Defendant has two prior felony convictions of controlled substance violations. Specifically, the first, a 1995 conviction, involved the sale of .27 grams of crack cocaine. He was sentenced to 36 months probation and a suspended 180-day jail sentence. His drug use caused him to be sentenced to four years in prison for violation of his probation conditions.

The second conviction was for conspiracy to possess with intent to distribute cocaine for

which he received a 30-month sentence. According to the PSR, his role was assisting two co-defendants in the transportation and sale of about 1,000 grams of cocaine by driving a co-defendant to the drug transaction. Again, he violated his conditions of supervision due to drug use.

In this case, as stated above, defendant was involved in mailing approximately 3.5 kilograms of marijuana through the mail from California to Detroit within a 2-month period.

These three convictions, all of which are felony controlled substances offenses, show that while defendant is involved in drug trafficking activities, he is on the fringe and is typically a minor participant. He has a history of drug use and abuse as well, which may have contributed to his involvement in drug trafficking. It is a reasonable conclusion that his criminal history is overrepresented by a Category VI, which is the category mandated by the career offender provision. It is reasonable to conclude that a Category III criminal history adequately addresses his prior criminal history and correctly places him at a guideline range of 10-16 months.

While defendant's conduct should not be minimized, it should also not be elevated beyond the facts of his particular convictions. If the Court agrees that the Career Offender provision of the guidelines applies and agrees with the Probation Department's assessment, the Court must then consider whether to reject the Rule 11 Plea Agreement or rely on the provision agreed to by the parties:

> However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Rule 11 Plea Agreement, docket #110, p. 3. Defendant would have to consider whether to

withdraw his plea or accept the application of the career offender guidelines and agree to a 37-46 month guidelines range.

## IV. CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court find the guidelines as calculated by the parties reasonable and that it sentence Defendant Deshawn Raynell Dawson to a term of imprisonment of 10-16 months.

    Respectfully submitted,

    BARBARA L. MCQUADE
    United States Attorney

    s/Julie A. Beck (P53291)
    Assistant United States Attorney
    211 West Fort Street, Suite 2001
    Detroit, Michigan 48226
    (313) 226-9717
    julie.beck@usdoj.gov

    s/Eric Doeh (P69652)
    Assistant United States Attorney
    (313) 226-9569
    eric.doeh@usdoj.gov

Dated: March 8, 2011

## CERTIFICATE OF SERVICE

      I hereby certify that on March 8, 2011, I electronically filed the foregoing with the Clerk of the Court using the ECF. system.  The Court's Electronic Case Management System will notify all ECF participants.

                                          s/Julie A. Beck
                                          Assistant United States Attorney
                                          211 West Fort Street, Suite 2001
                                          Detroit, Michigan 48226
                                          (313) 226-9717
                                          julie.beck@usdoj.gov
                                          [P53291]