UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                             Case No. 10-cr-20137
                                                Hon. Gerald E. Rosen
vs.                                           MJ Virginia M. Morgan

D-5    DESHAWN RAYNELL DAWSON,

    Defendant.

_____/

**DEFENDANT DESHAWN DAWSON'S SENTENCING MEMORANDUM**

The defendant has pleaded guilty to a marijuana conspiracy charge under 21 U.S.C. §§ 846, 841(a)(1) pursuant to a plea agreement that states an agreed upon sentence guidelines range of 10-16 months. The plea agreement is controlled by Fed. R. Crim. P. 11(c)(1)(C), which means the court must sentence the defendant within the agreed-upon guidelines range, or permit the defendant to withdraw the plea. *See*, *United States v. Conway*, 513 F.3d 640, 645 (6th Cir. 2008)

The government and defense counsel are in agreement that the court should sentence the defendant within the agreed-upon guidelines range and not permit plea withdrawal. If the court sentences according to the stipulated guidelines, there will be no appeal by either the government or the defendant. There are many reasons to sentence within the agreed-upon range.

The government in its sentencing memorandum states reasons why the agreed-upon guidelines range should be applicable in this case, noting that the defendant pleaded

1

guilty early in this case, and following his plea, there was a cascade of pleas from the other defendants.

Defense counsel would add that Mr. Dawson was always willing to accept responsibility for his offense conduct, and authorized plea discussions from the beginning. This may be the only federal case in which the undersigned defense counsel filed no motions, but proceeded directly to plea discussions.

The problem with the plea negotiations was Mr. Dawson's prior record, which, according to probation, puts him in a higher range than the agreed-upon range because of the application of the career offender Guideline. In order to resolve this case by plea, both the defense and the prosecution agreed to an 11(c)(1)(C) plea with a stipulated range that provides that the career offender guideline would not apply. The reasons this negotiated plea was reached were many. Some of those reasons involve the application of the statutory sentencing factors under 18 U.S.C. § 3553(a) – offense conduct and characteristics of the defendant – and are discussed below.

The sentencing court is free to disregard the career offender Guidelines in sentencing a defendant. Recently, the Seventh Circuit, in an en banc decision, reversed precedent and held that a sentencing judge legally could disregard the career offender Guideline. *See, United States v. Corner (en banc)*, 598 F.3d 411, 415 (7th Cir. 2010). In *Corner,* the Seventh Circuit noted that its decision now put it in line with all the other circuits that have considered this issue, since all the other circuits have held that the sentencing court was free to disregard the career offender guideline. *Corner*, p. 414, fn. 1. In the footnote citing to other circuit court cases, the court cites to a Sixth Circuit case, *United States v. Michael,* 576 F.3d 323, 327-328 (6th Cir. 2009)

**Offense Conduct**

As one of the agents in this case expressed at a meeting, Mr. Dawson was a small fish that got caught in a big net. Surveillance had begun on some of the defendants in this case because the government believed those defendants were selling drugs. Mr. Dawson, who is trying to establish a career as a musician, had performed with some of the defendants, who are also musicians. Mr. Dawson possesses a license to grow marijuana in California, and a permit to use medical marijuana. The undersigned recently took a trip to Los Angeles, and could not help but notice the proliferation of medical marijuana dispensaries throughout the city. In California, it is safe to say, the attitude toward marijuana is different than in Michigan.

Because Mr. Dawson had come to Michigan to perform, he thought he would do a favor for some of the people he met when he performed, and he would supply them with the marijuana he legally grew. Of course the right to grow marijuana in California does not give a person the right to ship the marijuana out of state, and only licensed dispensaries can distribute to other people. Mr. Dawson's motive was only to supply it to friends he had met in Detroit, not to become part of some drug distribution ring. He sent marijuana to Detroit not to make money from drug sales, although he did accept some remuneration, but as an act of friendship. He was not aware, and did not intend, that some of the marijuana he supplied was sold by the individuals he supplied. In the end, he accepted responsibility for his conduct and pleaded guilty.

**History and Characteristics of the Defendant**

The government in its sentencing memorandum notes that the defendant's involvement in his two previous drug offenses was as a minor player – in one case

3

distributing a very small quantity of drugs and in the other case being the driver in a drug deal. Applying the career offender guideline for those types of drug convictions overstates the seriousness of those offenses.

Also, Mr. Dawson was much younger when those offenses occurred, and he has substantially changed since those days. Although he still uses marijuana, he does so legally, and pursuant to a valid prescription from an M.D. in California. He is not involved in other drugs, and, except for this case, is not involved in the distribution of drugs.

He has embarked on a successful music career under the name of MacShawn100. The undersigned has talked to his entertainment lawyer in California and the lawyer for Calvin Broadus, known by his stage name of Snoop Dogg, with whom Mr. Dawson performs. Snoop Dogg has made Mr. Dawson part of his performing troupe. See Attachment A, letters from various California Lawyers, including Snoop Dogg's attorney, and letter confirming his March 2011 performance schedule.[1]  Also, Mr. Dawson has signed a performing contract with EMI records, and has been offered a movie deal with Snoop Dogg. See Attachment B. Mr. Dawson has the support of his family, who confirm Mr. Dawson is a good father and active in community service, helping to coach sports teams. See family letters in Attachment C.[2]  Mr. Dawson's affiliation with Snoop Dogg has made a substantial difference in Mr. Dawson's life, and he now has a chance of a lifetime in the entertainment business. Ironically, Mr. Dawson's career is taking off just as he is facing a sentence for this offense.

---

[1] Please note that these are scheduled concerts. Some concerts are cancelled if the advance sale is insufficient.
[2] All letters have been redacted as to contact information. Unredacted copies will be supplied on request.

**Conclusion - A Just Sentence**

18 U.S.C. § 3553(a) provides that the punishment must be "just." The contours of a just sentence are within the court's discretion. Here, the defendant, while this case has been pending, has, for the first time in his life, established himself as an entertainer who is supporting his family by performing music and is at the beginnings of a promising career. Whatever sentence the court fashions, defense counsel hopes that the sentence does not mean the end of Mr. Dawson's fledgling entertainment career.

Respectfully submitted,


   /s/ Frank D. Eaman                                     Dated: April 6, 2011
Frank D. Eaman (P 13070)
Frank D. Eaman, PLLC
Attorney for Defendant Dawson
Suite 3060 Penobscot Building
645 Griswold St.
Detroit, MI 48226
(313) 962-7210
eaman@eamanlaw.com

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Julie A. Beck | Eric Doeh |
| Assistant United States Attorney | Assistant United States Attorney |

All Defense Counsel for co-defendants


   /s/Frank D. Eaman                                        Dated: April 6, 2010
Frank D. Eaman, PLLC
Suite 3060
645 Griswold St.
Detroit, MI 48226
(313) 962-7210
eaman@eamanlaw.com